UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

                                                  Case No. 12-71112-ast

       TE ROSLYN LLC,                           Chapter 11

                   Debtor.
----------------------------------------------------------X

## **DECISION AND ORDER DENYING STAY PENDING APPEAL**

On July 15, 2012, the Official Committee of Unsecured Creditors (the "Committee") filed an expedited motion (the "Motion") [dkt item 87] pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking to stay this Court's June 18, 2012 Order (the "June 18 Order") [dkt item 62], pending the outcome of Committee's appeal of the June 18 Order to the District Court. Along with the Motion, the Committee filed a Memorandum of Law [dkt item 88], an Affirmation in Support by a broker named Paul G.W. Fetscher [dkt item 89], and an Affidavit of Counsel pursuant to E.D.N.Y. Local Bankruptcy Rule 9077-1 [dkt item 90].

The June 18 Order determined, among other things, that the Debtor, TE Roslyn LLC ("Debtor"), had breached the terms of a certain Stipulation and Order dated April 26, 2012 (the "Stipulation") between Debtor and its landlord, ONB Realty, LLC (the "Landlord") regarding the premises at which Debtor had operated a restaurant[1] [dkt item 35]. The Stipulation provided for a reinstatement of the prepetition lease of the Premises (the "Lease") and provided Debtor an opportunity to find a buyer for the Premises, conditioned, *inter alia*, on Debtor paying its postpetition rent on a timely basis. However, Debtor failed to make timely rent payments which, by virtue of the Stipulation, resulted in Debtor's Lease terminating.

In its Motion, the Committee essentially raises two arguments in support of its request for a stay pending appeal: first, that the Landlord's motion for relief from the automatic stay (the "Stay Relief Motion") [dkt item 18] and the Stipulation were not properly served under Bankruptcy Rule 4001[2]; and second, that the balance of harms weighs in favor of granting a stay pending appeal. For the reasons set forth below, the Committee has failed to establish a likelihood of success on appeal, irreparable harm, absence of substantial injury to the Landlord, or a compelling public interest, and therefore its Motion for stay pending appeal is denied.

**Jurisdiction**

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G), (M), and (O) and 1334(b), the Standing Order of Reference in effect in the Eastern District of New York dated August 28, 1986, and Rule 8005 of the Federal Rules of Bankruptcy Procedure.

**Background**

On February 27, 2012, Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The bankruptcy filing was precipitated by a prepetition notice of termination of the Lease.

On March 14, 2012, the Landlord filed its Stay Relief Motion, which was set for hearing on April 4, 2012.

At the April 4 hearing, appearances were made by counsel for the Debtor, the Landlord, the Office of the United States Trustee, and Robert J. Spence as proposed counsel for the

---

[1] The premises are located at 1446 Old Northern Boulevard, Roslyn, New York (the "Premises"); Debtor had operated a restaurant at that location prior to filing for bankruptcy protection.
[2] This Court notes, as discussed in the June 18 Order, that the Committee interposed this same argument in seeking to prevent entry of the June 18 Order.

Committee.[3]  After several breaks were taken to allow settlement negotiations to be undertaken, at the conclusion of the hearing, the Landlord and Debtor announced the outlines of an extensive agreement for reinstatement of the Lease and providing Debtor an opportunity to sell the Premises and certain of the personalty contained within.

On May 2, this Court so-ordered the Stipulation between the Debtor and Landlord resolving the Stay Relief Motion, which included the terms announced on the record on April 4.

On May 23, a conference was held on the status of the case, including Debtor's efforts to find a buyer for its assets.  Counsel for the Debtor, Landlord, the Office of the United States Trustee, and the Committee again appeared, and no objection was raised to either the Stay Relief Motion or the Stipulation.

In early June 2012, the Landlord filed multiple affirmations of noncompliance under the Stipulation citing, among other alleged defaults, Debtor's failure to pay postpetition rent. [dkt items 41, 47]

On June 4 and June 8, the Committee filed two expedited motions seeking a temporary restraining order ("TRO") to prevent the landlord from exercising its rights under the Stipulation. [dkt items 40, 44]  Only at this point, more than ten days after the May 23 hearing and more than a month after the Stipulation was docketed, did the Committee for the first time raise the issue of service of the Stay Relief Motion and the Stipulation.

In its June 18 Order [dkt item 62], this Court denied the Committee's request for a TRO and deemed the Lease terminated pursuant the terms of the Stipulation.  This Court also found that the Committee had waived its service argument.

---

[3] The Committee was officially formed on May 7, 2012. [dkt item 36]

On July 3, the Committee filed its notice of appeal.[4]  [dkt item 68]

On July 11, a hearing was held at which Debtor advised the Court that there was no prospect of selling its business without reinstatement of the Lease and raised the prospect of converting this case to Chapter 7.  Counsel for the Committee appeared at the July 11 hearing and expressed support for conversion to Chapter 7.  A discussion was held regarding the most effective way to liquidate the estate's assets – that is, whether the estate's saleable assets should be auctioned off pre-conversion by Debtor or post-conversion by a Chapter 7 trustee; the timing was critical given the pending expiry of Debtor's time to remove certain personalty under the Stipulation and the June 18 Order.  However, neither the Committee nor Debtor made any request at that hearing for a stay pending appeal.

On July 15, twenty-seven days after the Court entered the June 18 Order, and nearly two weeks after filing its notice of appeal, the Committee filed the instant Motion seeking a stay pending appeal.

On July 17, Debtor filed a motion to sell its interest in the leasehold and the personalty therein on an expedited basis, and requested this Court approve bid procedures incident thereto (the "Auction Motion").  [dkt item 94]  A hearing on Debtor's requested bid procedures was scheduled for July 23.

On July 19, the Committee filed a Stipulation [dkt item 100] signed by Debtor, counsel to the Committee and the Landlord, extending the deadline for Debtor to hold an auction sale and/or remove its assets from the premises until August 6, 2012, and extending the deadline for abandonment of the premises to August 7, 2012.  However, the Stipulation did not provide for reinstatement of the Lease.

---

[4]  The Debtor also filed a "cross appeal" of the June 18 Order. [dkt item 69]

A hearing on bid procedures was conducted on July 23, at which time the parties announced that, while the parties agreed in principle to the auction process and procedures, the Lease had not been reinstated, the Landlord was under no obligation to accept the purchaser of Debtor's assets as an assignee of the Lease, and the pending appeals from the June 18 Order would still be prosecuted.

On July 24, the Court entered an Order approving Debtor's bid procedures, scheduled an auction sale for August 6, 2012, at 10:00 a.m., and scheduled a hearing to consider approval of the sale for August 6, 2012, at 2:00 p.m. [dkt item 103]

### Discussion

In the Second Circuit, the standard governing the entry of a stay pending appeal is: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." *In re Taub*, 470 B.R. 273, 277-78 (E.D.N.Y. 2012), quoting *In re Smith*, 2009 WL 366577, at *2 (E.D.N.Y. Feb. 12, 2009) (citing *Hirschfeld v. Bd. of Elections in the City of N.Y.*, 984 F.2d 35, 39 (2d Cir.1993)); *see also Jenkins v. INS*, 32 F.3d 11, 14 (2d Cir.1994); *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir.1994).

First, the Committee has failed to demonstrate "a substantial possibility . . . of success on appeal." The Committee's Motion argues that the Landlord's Stay Relief Motion was not served on the twenty largest unsecured creditors in accordance with Bankruptcy Rule 4001. Motion at 12. However, the Committee's Motion omits the fact that its now-retained counsel appeared at the scheduled hearing on the Stay Relief Motion on April 4 solely as proposed counsel for the yet-to-be-formed Committee, but raised no objection to service of the Stay Relief Motion.

Further, the Committee's Motion omits the fact that the Committee's counsel appeared in an official capacity at a May 23 status conference in this case, at which the Stipulation and reinstatement of the Lease were discussed, but the Committee again failed to raise any objection to the Stay Relief Motion or the Stipulation, including improper service. By making a voluntary general appearance through counsel at the May 23 hearing and not objecting to service of either the Stay Relief Motion or the Stipulation, the Committee has waived any right to object based upon improper service. *See*, *e.g.*, *Gerber v. Riordan*, 649 F.3d 514, 520 (6th Cir. 2011); *In re Morrow*, 2003 WL 25273857, at *2 (Bankr. D. Idaho Apr. 16, 2003) (citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) and *In re Arthur's Indus. Maintenance*, 1993 WL 79206 at * 4 (W.D. Va. 1993)).

In addition, and as significant, Debtor has not paid the rent required of it under the Lease, the Stipulation and under the Bankruptcy Code to maintain use and occupancy of the Premises. *See* 11 U.S.C. §§ 365(d)(2), 503(b)(1).

Second, the Committee argues that unsecured creditors will be irreparably harmed if a stay pending appeal is denied because the Debtor's remaining assets will be sold "piecemeal" at auction. Motion at 13. However, the Committee has failed to explain how the result of any proposed sale would be any different than would occur in liquidation under Chapter 7. This is significant here as on July 11 Debtor requested that this case be converted to Chapter 7, and the Committee supported that request. The Court required notice be given of the Debtor's request to convert this case; however, because Debtor and the Committee have changed course and now seek a sale of Debtor's assets through the Chapter 11 process, no motion to convert has been

6

filed.[5] Thus, it is unclear if the argument of irreparable harm is now moot in light of the sale process currently underway.

The Committee also argues for the first time in its Memorandum of Law (but not in its Motion) that the Stipulation effects an improper transfer or sale of certain pieces of equipment and personal property to the Landlord, which the Committee contends are "trade fixtures" and should be auctioned off to repay unsecured creditors. Memorandum of Law 8-9 [dkt item 88]. Initially, the Court notes that the Committee cites to no authority, other than Black's Law Dictionary, for its claim that certain pieces of equipment and personal property are so-called "trade fixtures." The items at issue are designated in the Stipulation not as "trade fixtures," but as "fixtures," which this Court notes would normally pass with the leasehold. *See* N.Y. U.C.C. §9-102(a)(40). More importantly, the Stipulation provided Debtor with a reasonable time (thirty days from termination of the Lease) to remove any equipment or personal property which it was entitled to remove under the Lease. By agreement of the parties, that deadline has now been extended through August 6, 2012. As a result, the Committee's argument is premature – any dispute between the bankruptcy estate and the Landlord over title to property which Debtor is not allowed to remove from the premises may be raised at such time as such a dispute actually arises.

Third, the Committee argues the Landlord will not suffer substantial injury if the June 18 Order is stayed pending the Committee's appeal. Motion at 13-14. However, as the Motion acknowledges, the Landlord would likely not receive rent for several months (or more) if the June 18 Order is stayed pending the Committee's appeal. This will result in substantial injury to the Landlord, especially considering that Debtor was several months behind on its rent when this

---

[5] The Court notes that Debtor's now pending proposed sale of assets is conditioned on the purchaser being able to negotiate a reinstatement and assignment of the Lease. *See* Auction Motion at ¶¶ 38-42 [dkt item 94].

bankruptcy case was filed in February 2012, Debtor defaulted on its June 2012 rental payment due under the Stipulation, resulting in the Lease being terminated, and Debtor apparently has not paid any rent for July 2012.  Essentially, the Committee seeks to shift the risk of Debtor's inability to pay rent to the Landlord, while it pursues an appeal which this Court views as unlikely to succeed.

Finally, the Committee has failed to present a compelling public interest in support of a stay pending appeal.  With respect to the public interest, the Committee repeats its argument that it was not afforded "fundamental due process" in this case, while omitting the fact that the Committee's proposed counsel appeared at the April 4 hearing at which the essential bargain between Debtor and the Landlord was struck, and appeared at the May 23 hearing, several weeks after the Stipulation had been entered, without raising any objection to service of either the Stay Relief Motion or the Stipulation.

## Decision

For the forgoing reasons, this Court finds and determines that the Committee has failed to demonstrate a substantial possibility of success on appeal, irreparable harm to creditors, absence of substantial injury to the Landlord, or a compelling public interest in support of a stay pending appeal.  Accordingly, it is hereby

**ORDERED**, that the Committee's Motion pursuant to Bankruptcy Rule 8005 for a stay pending appeal is DENIED.



**Dated: July 26, 2012**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**